By the Court—Bosworth, Ch. J.
Whether the judgment appealed from be erroneous, depends upon the true construction of the contract made by the defendant, (dated May 29th, 1856.)
It is not an agreement to pay to the plaintiff $250 in money on any day named, or which can be ascertained by the contract itself; but it is an agreement to make and deliver to the plaintiff the defendant’s promissory note for $250, “ at three months.”
When and on what contingency it was to be so made and delivered, are the material questions.
*526 If the words, “ to apply on the third payment,” were transposed and inserted after the figures 1856, the agreement would express clearly the idea, which, as the defendant contends, it is apparent from a careful consideration of its terms, when viewed in the light of the facts then existing and known to all the parties, the parties to it meant to- express. • With that transposition made, it would read thus:
“Brooklyn, May 26th, 1856.
“ To Gilbert R. Terret, Esq.:

“ Yours, &c.,
“Jane E. Jones.”
If, by the terms of the contract of March 27, 1856, Jones might be entitled to any payment whenever she had put on the third tier of beams, “to be made by the advancing notes or acceptances of five hundred dollars each,” none could be required to be given, which would fall due “ before the browning of all the said five houses are on, and floors laid.”
A note made when the third tier of beams was on, and dated at that date, and payable three months thereafter, might fall' due sooner than the time fixed for the maturity of the notes, to be advanced for the third, fourth and fifth payments.
“ To apply on the third payment, as per contract,” &c., is an expression difficult to be understood, if the words “ as per contract,” &c., are to be deemed to have been introduced, merely to show the manner of applying the $250 on the third payment.
But if the words “ as per contract,” &c., be regarded as introduced to render somewhat definite the time at which, and the contingency on which, the note was to be given to the plaintiff, that expression is more intelligible. Eor, although the putting on the third tier of beams is not specified as a stage in the process of erection, or even named in terms, yet it would be quite *527 clear that it could not happen, within the meaning of the contract, until after the first and second tier of beams were on, “ and the walls up all around.” All that must be done to make the first two payments demandable. And all that having been done, and the work having been subsequently carried forward, in the usual mode of building, it might be within the parties’ meaning of the contract, that when such further progress had been made as to have contributed $500 further security, a note of $500 was to be advanced, which would mature not sooner than the time specified for the maturity of the notes to be given for the third, fourth and fifth payments.
We think it a just conclusion, therefore, that the contract between the plaintiff and the defendant, by its fair and reasonable construction, does not import or express any undertaking by the defendant to give his note for $250 to the plaintiff, until after the buildings had been so far completed, in the manner specified in the contract, that the first and second payments had become due, and, in addition to that, the third tier of beams had been put on in the further prosecution of the work, in the manner usual and accustomed in such cases.
The plaintiff, so far as the question of securing the defendant's responsibility was concerned, took the risk of Jones, so prosecuting the work as to put on the first and second tier of beams with “ the walls up all around,” and of progressing so much further, as is usual and customary in such cases, as to put on the third tier of beams, and the defendant took the risk, when all that was done, of finding in Jones’ contract, and in what, in that event, would have been done under it, security for and indemnity against such an advance.
This view of the contract would make it substantially such a contract as formed the subject of the action in Van Wagner v. Terrett. (27 Barb. S. C. R., 181.)
We think this view accords with the intention of these parties, as shown by the terms of their contract, when viewed in the light of the facts existing and known to them when it was made. And that, inasmuch as Jones never so far completed her contract .that the first and second payments to be made by the defendant under it became due, it follows that Jones has “ not nut on the third tier of beams upon the five brick houses,” spe *528 cified in her contract of ihe 27th of* March, 1856, within the meaning of that contract, nor within the meaning of the contract between the plaintiff and defendant, on which this action is brought.
This view of the rights of these parties, disposes of every question raised by the present appeal, and the judgment appealed from must be affirmed, with costs.
Judgment affirmed.